IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


| | |
|---|---|
| DAVID BILLINGS, an individual,<br>REAGON BILLINGS, an individual,<br>and their minor children | PLAINTIFFS |
| VERSUS | CIVIL ACTION NO. 1:05cv26WJG-JMR |
| AMERICAN BANKERS INSURANCE<br>COMPANY OF FLORIDA; and<br>MORGAN DRIVE AWAY, INC. | DEFENDANTS |

consolidated with:

| | |
|---|---|
| AMERICAN BANKERS INSURANCE<br>COMPANY OF FLORIDA | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:05cv125WJG-JMR |
| DAVID BILLINGS, an individual,<br>REAGON BILLINGS, an individual,<br>and their minor children | DEFENDANTS |

O R D E R

This action is before the Court on motion of American Bankers Insurance Company of Florida [American Bankers] for summary judgment and to stay further proceedings [Civil Action No. 1:05cv125, Doc. 24-1] to compel David Billings, Reagon Billings, and their minor children, [the Billingses] to submit to arbitration to resolve a dispute between the parties pursuant to the Federal Arbitration Act [FAA], 9 U.S.C. §§ 3-4.  After due consideration of the evidence of

record, the briefs of counsel, the applicable law, and being otherwise fully advised in the premises, the Court finds as follows.

## Discussion

The Billingses filed suit seeking actual, statutory and compensatory damages for an alleged failure to design, manufacture, construct, inspect, transport, install and repair a mobile home which the Billingses purchased, financed and insured through American Bankers and other defendants. (Ct. R., Doc. 25, Exh. A.) American Bankers contends that the Billingses' agreement with it and with Oakwood Mobile Homes, Inc. [Oakwood] each contain an arbitration agreement. (Ct. R., Doc. 25, p. 2.) The Billingses agreed to purchase insurance with American Bankers in the agreement with Oakwood. (*Id.*, p. 7.) American Bankers, therefore, is intertwined with any claims made against Oakwood. (*Id.*)

The Billingses filed a complaint, which was amended twice, against American Bankers, Destiny Industries, Oakwood, Oakwood Homes Corporation, and Oakwood Acceptance Corp. The second amended complaint was filed to include Morgan Drive Away, Inc. (Ct. R., Doc. 19.) The Billingses dismissed Destiny Industries and each of the Oakwood defendants in the second amended complaint because these Defendants had filed bankruptcy. (*Id.*, p. 2.)

The Billingses claims that Oakwood sold two insurance policies along with its sale of the mobile home. (*Id.*) One insurance policy was a homeowners policy and the other was a policy for an extended warranty on the home. (*Id.*)

The homeowners policy states that it provides "limited service" for "reasonable repair or replacement to specifically described items of you manufactured home." (Ct. R., Doc. 25, Exh.

1, p. E-3.)  The contract includes coverage for major structural defects, which meet two criteria under the policy:

> A.  It must represent actual damage to the load-bearing functions; and
> B.  The damage must have a major effect or likely to have a major effect on the use of the home for residential purposes.
> The load bearing parts of the home are:  the Frame; Sub-Floor Structure; Exterior Walls; Side and End Wall Stud Construction; Roof Rafters; Exterior Roof; and Interior Walls and Ceilings.

(Ct. R., Doc 25, Exh. 1, p. E-4.)

According to the allegations of the second amended complaint, on September 22, 2003, the Mississippi State Fire Marshall's office inspected the Billingses' home and found several defects including a cracked ceiling, damp walls, a water leak in the bathroom, water in the back bedroom causing the carpet to mold, sliding doors which do not meet and uncaulked windows which allow rain to enter the home.  (Ct. R., Doc. 19, p. 3.)  The Billingses contends that the home sustained damages during transportation of the home from Georgia to the sales lot in Mississippi.  (*Id*., p. 7.)  contend that these damages contributed to the excessive moisture in the home which caused it to become contaminated with mold spores.  (*Id*., pp. 7-8.)

American Bankers contends that the claims advanced in this lawsuit are subject to binding arbitration under the FAA according to an arbitration agreement.  (Ct. R., Doc. 25, p. 5.)

On March 1, 1999, a Manufactured Housing Home Buyers Protection Plan Contract, number OHE1920750, including all of its endorsements, was issued to David J. Billings.  (Ct. R., Doc. 25, Exh. E.)  The endorsement provides as follows:

> It is understood and agreed that the policy is qualified with respect to the following: ANY AND ALL DISPUTES, CONTROVERSIES OR CLAIMS OF ANY KIND AND NATURE BETWEEN THE POLICYHOLDER AND THE INSURER ARISING OUT OF OR IN ANY WAY RELATED TO THE VALIDITY, INTERPRETATION, PERFORMANCE OR BREACH OF ANY

-3-

> PROVISION OF THIS POLICY, AND UPON WHICH A SETTLEMENT HAS NOT BEEN REACHED BY THE POLICYHOLDER AND THE INSURER, SHALL BE RESOLVED, EXCLUSIVELY, BY ARBITRATION IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT (9 U.S.C. SECTION 1 ET SEQ).

(*Id*., Exh. 1, p. E-9.)

The motion pending in this case was mistakenly styled a motion for summary judgment, when in fact the motion actually seeks to stay the case and to compel arbitration.  The Court will treat the motion as a motion to stay and to enforce the arbitration clause, and deny the motion for summary judgment as moot.

<u>Discussion</u>

"The FAA expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration."  *Primerica Life Ins. Co. v. Brown,* 304 F.3d 469, 471 (5th Cir. 2002); *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985); *Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir. 2000).  Further, the arbitration process is strongly favored in federal courts.  *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991); *Mouton v. Metropolitan Life Ins. Co.,* 147 F.3d 453, 456 (5th Cir. 1998).  A party can only be compelled to arbitrate a dispute when that party has previously agreed to arbitrate, and the Court must first determine whether the dispute at issue falls within the arbitration agreement.  *Banks v. Mitsubishi Motors Credit of Am., Inc.*, 435 F.3d 538, 540 (5th Cir. 2005).  While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate.  *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).  Courts perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute.  *Webb v. Investacorp., Inc.,* 89 F.3d 252, 257-8 (5th Cir. 1996).  First, the court must determine whether

the parties agreed to arbitrate the dispute in question.  This determination involves two considerations:  (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.  *Webb,* 89 F.3d at 257-8.  The second step involves the determination of "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims."  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614, 626 (1985).

State law contract principals are used to determine if there is a valid agreement to arbitrate.  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Webb*, 89 F.3d at 257.  Under Mississippi law, "acceptance of a contract as binding upon a party may be shown by his actions, and by any definite and unequivocal course of conduct disclosing that the party has acceded or assented to it," as when the party endorses his assent with a signature.  *Dockins v. Allred*, 755 So.2d 389, 394 (Miss. 1999) quoting *McInnis v. Southeastern Automatic Sprinkler Co.*, 233 So.2d 219 (Miss. 1970).  The Billingses would not have coverage for the extended warranty without signing an application for the coverage; therefore, the Court concludes that in this case the Billingses agreed to submit the claims under the extended warranty to arbitration by signing the application for coverage and receipt of the policy.  (Ct. R., Doc. 25, Exh. 1.)

The Court will now consider whether the dispute in question falls within the scope of the arbitration agreement.  In this case, the Billingses' claims against American Bankers are all based on the extended warranty.  (Am. Compl.)  Claims based on a warranty are arbitrable.  *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 479 (5th Cir. 2002).

Accordingly, the Court concludes that American Bankers is entitled to seek enforcement of the arbitration clause.  The arbitration clause at issue can easily be construed to cover the

dispute between the parties concerning the alleged damages to the home and whether those damages are covered under extended warranty policy. The Court, therefore finds that an order compelling arbitration should issue in this case. *See Heinhuis v. Venture Assoc., Inc.*, 959 F.2d 551, 554 (5th Cir. 1992).

Section 3 of the FAA provides for the stay of proceedings in federal district court when an issue is referable to arbitration. 9 U.S.C. § 3. The jurisprudence of this Circuit, and Section 3 of the Arbitration Act (9 U.S.C. 3), made applicable to proceedings under the Arbitration Convention by 9 U.S.C. 208 require the district court to stay litigation of all issues within the scope of the arbitration agreement, *Midwest Mech. Contractors v. Commonwealth Construc. Co.,* 801 F.2d 748 (5th Cir. 1986), and grant the Court discretion to stay the litigation of claims that are not within the scope of the arbitration agreement. *San Reisfeld & Son Import Co. v. S.A. Eteco,* 530 F.2d 679 (5th Cir. 1986). The Court further finds that American Bankers' motion to stay these proceedings should be granted. As referenced above, the Court finds that the motion for summary judgment is treated as a motion to stay and to compel arbitration should be denied as moot. It is therefore,

ORDERED that American Banker's motion for summary judgment [24-1] be, and is hereby, treated as a motion to stay and to compel arbitration, and is denied as moot. It is further,

ORDERED that American Banker's motion to stay this action and compel the Billingses to submit to arbitration [24-1] to resolve a dispute between the parties be, and is hereby, granted. It is further,

ORDERED that the parties in this action submit the disputed matter to arbitration. It is further,

ORDERED that the Clerk of Court is hereby directed to close these consolidated cases for statistical purposes and place these cases on the inactive docket of this Court. It is further,

ORDERED that all parties shall file a status report with the Court within ten days of the conclusion or arbitration, or in any event by no later than one year from the entry date of this order. It is further,

ORDERED that any party may move to reinstate these cases on the active docket of this Court at the conclusion of arbitration, if necessary.

SO ORDERED, this the 21st day of February, 2007.

                                                *Walter J. Gex III*
                                     UNITED STATES SENIOR DISTRICT JUDGE